IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| JERBEREE JEFFERSON, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | 3:15-cv-78-TCB-RGV |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| SEWON AMERICA, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, by and through undersigned counsel, and files this her Complaint for Damages, and shows the Court as follows:

## JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

1

## PARTIES

3.

Plaintiff is an African American female citizen of the United States of America, and is subject to the jurisdiction of this Court.

4.

Defendant Sewon America, Inc. is qualified and licensed to do business in Georgia and at all times material hereto has conducted business within this District.

5.

Defendant Sewon America, Inc. may be served with process by delivering a copy of the summons and complaint to its registered agent: Junho "Nathan" Jung, 1000 Sewon Blvd., LaGrange, GA 30240.

## ADMINISTRATIVE PROCEDURES

6.

Plaintiff timely filed a charge of discrimination against Defendant Sewon America, Inc. with the Equal Employment Opportunity Commission (EEOC).

7.

The EEOC issued a "Notice of Right to Sue" on February 4th, 2015, entitling an action to be commenced within ninety (90) days of receipt of that notice.

8.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue".

**FACTUAL ALLEGATIONS**

9.

Defendant Sewon America, Inc. is now, and at all times relevant hereto, has been an employer engaged in an industry affecting commerce within the meaning of §701(b), (g) and (h) of Title VII and has employed more than the requisite number of persons for the requisite duration under Title VII.

10.

Defendant Sewon America, Inc. is the first United States manufacturing plant for the Sewon Group, which is based in Daegu, South Korea.

11.

Sewon Group is a leading automotive parts supplier in Korea.

12.

Sewon Group has also branched out from Korea to China.

13.

Sewon seeks to change the world with its advanced technology, and to be the elite auto parts company of the 21st century.

14.

Sewon seeks to achieve the Korean nation's dream of becoming an automobile power house, to soar to new heights as a global auto parts expert, and to be the number one growing power stretching out toward the world stage.

15.

As part of its goal to go from a Korean company to a global competitor, Sewon Group branched out to the U.S through Sewon America.

16.

Sewon America is led by an executive team of Koreans, including its CEO, CFO and the head of its Human Resource Department.

17.

Sewon America, Inc. is Kia Motor's largest supplier in the United States.

18.

Sewon America is located in LaGrange, Georgia, with expected sales of $230 million US dollars in 2012.

19.

Sewon America hired the Plaintiff, Jerberee Jefferson on June 13, 2013.

20.

Ms. Jefferson had been working for Sewon America as a temporary associate placed by a staffing agency since March 2013.

21.

Ms. Jefferson's role was a finance assistant/clerk.

22.

At ninety (90) days into her employment, Sewon America gave Ms. Jefferson a three month evaluation to determine whether to continue her with an extension, release her or hire her as a full-time employee.

23.

After evaluating her, Sewon America extended her position, offered her full-time employment and gave her a raise.

24.

From June 13, 2013, Ms. Jefferson continued to perform her duties satisfactorily.

25.

In July 2013, Ms. Jefferson reached out to the Korean IT Manager Gene Chung to request that she be evaluated for an open position in the IT department.

26.

Ms. Jefferson explained to Mr. Chung that she had gone to college as an IT Specialist, and that it was her career choice.

27.

Mr. Chung interviewed Ms. Jefferson for the IT position.

28.

In early August 2013, Ms. Jefferson approached HR manager Ken Horton to ask about the status of her transfer to the position.

29.

On August 19, 2013, Ms. Jefferson approached the HR General Manager, Korean Nate Jung, and asked whether she would be hired for the position.

30.

That same day, Ms. Jefferson was administered a test by Mr. Chung, who told her that he wanted to see where she was on her computer skills and how much he would have to teach her. After the test, Mr. Chung asked that she take the test home, and research and fix her incorrect answers, which she did.

31.

Mr. Chung informed Ms. Jefferson that she would be given the position, and that she would be transferred to the IT department by the end of the week.

32.

On August 23, 2013, Mr. Chung informed Ms. Jefferson that she would not be given the job because the position requires five years of experience, and because Mr. Nate Jung wanted a Korean in the position.

33.

Ms. Jefferson complained to HR Manager Ken Horton that she was not being given the position because she was not Korean.

34.

On August 30, 2013, Ms. Jefferson was terminated from her employment.

35.

Sewon America posted the available IT position in Korean, and only in Korean, online.

36.

Although Sewon America, Inc. purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

37.

Sewon America, Inc. fired Jerberee Jefferson because of her race and national origin.

38.

Jerberee Jefferson engaged in protected conduct while employed by Sewon America, Inc..

39.

Rather than remedy the discrimination, Sewon America, Inc. retaliated against Plaintiff.

## **CLAIMS FOR RELIEF**

## **COUNT ONE**

## **VIOLATION OF 42 U.S.C. § 1981**

40.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

41.

Sewon America, Inc.'s actions in subjecting Jerberee Jefferson to different terms and conditions of employment constitutes unlawful discrimination on the basis of race and ethnicity in violation of 42 U.S.C. section 1981.

42.

The effect of the conduct was to deprive Plaintiff of economic opportunites, and otherwise adversely effected Plaintiff's status as an employee, because of her race and national origin, vis-à-vis race.

43.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected her psychological and physical well being.

44.

As a direct and proximate result of Defendant Sewon America, Inc.'s unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to her emotional health, and has lost back pay and front pay.

45.

Sewon America, Inc. has willfully and wantonly disregarded Plaintiff's rights, and Sewon America, Inc.'s discrimination against Plaintiff was undertaken in bad faith.

**COUNT TWO**

**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

46.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

47.

Sewon America, Inc.'s actions in subjecting Jerberee Jefferson to different terms and conditions of employment constitutes unlawful discrimination on the basis of her race and national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981A.

48.

Sewon America, Inc. has willfully and wantonly disregarded Jerberee Jefferson's rights, and Sewon America, Inc.'s discrimination against Jerberee Jefferson was undertaken in bad faith.

49.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and has otherwise adversely affected her status as an employee because of her race and national origin.

50.

As a direct and proximate result of Sewon America, Inc.'s violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

## COUNT THREE

## CLAIMS FOR RELIEF UNDER CIVIL RIGHTS ACT OF 1991

51.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

52.

Defendant Sewon America, Inc. discriminated against Plaintiff and other employees, and in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices has not only deprived Plaintiff of equal employment opportunities, but exhibits malice or reckless indifference to the federally protected rights of Plaintiff.

53.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991.

## COUNT FOUR

## RETALIATION UNDER 42 U.S.C. 1981 AND TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

54.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

55.

Sewon America, Inc. subjected Plaintiff to adverse employment actions when Plaintiff engaged in protected conduct.

56.

There was a causal connection between the protected conduct and the adverse action.

57.

As a direct and proximate result of these actions, Plaintiff has suffered damages.

58.

Sewon America, Inc., therefore, is liable for the damages caused proximately resulting from its retaliation.


**WHEREFORE**, Plaintiff judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant Sewon America, Inc. has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant Sewon America, Inc. from further unlawful conduct of the type described herein; and

(i) All other relief to which he may be entitled.

Respectfully submitted the 6th day of May, 2015.

**BARRETT & FARAHANY, LLP**


/s/ Amanda A. Farahany
Amanda A. Farahany
Georgia Bar No. 646135
Attorney for Jerberee Jefferson


1100 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
Amanda@bf-llp.com