IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| JERBEREE JEFFERSON,<br><br>    Plaintiff,<br><br>v.<br><br>SEWON AMERICA, INC.,<br><br>    Defendant. | Civil Action No.<br><br>3:15-cv-00078-TCB-RGV<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

COMES NOW, Plaintiff Jerberee Jefferson (hereinafter "Plaintiff" or "Ms. Jefferson"), by and through undersigned counsel, and files this, Plaintiff's Brief in Support of Plaintiff's Motion for Partial Summary Judgment, and respectfully shows this Court as follows:

**I.      INTRODUCTION**

Plaintiff hereby moves this Court for entry of summary judgment pursuant to Fed. R. Civ. P. 56 as to the inapplicability of certain affirmative defenses asserted by Defendant. A party asserting an affirmative defense has the burden of proving the affirmative defense. Defendant has asserted numerous affirmative defenses without providing any evidence to support the defenses.

1

## II.   STATEMENT OF MATERIAL FACTS

Defendant Sewon America, Inc. is the first United States manufacturing plant for the Sewon Group, which is based in Daegu, South Korea. (SUF, ¶ 3).[1] As part of its goal to go from a Korean company to a global competitor, Sewon Group branched out to the U.S through Sewon America. (SUF, ¶ 7).  In 2015, Sewon America had estimated sales of $300,000,000 million. (SUF, ¶ 9).   Defendant Sewon America, Inc. is Kia Motor's largest supplier in the United States. (SUF ¶ 8).

Defendant Sewon America placed Ms. Jefferson in a position as a temporary associate through a staffing agency on March 2013. (SUF ¶ 13).  Defendant gave Ms. Jefferson the role of Finance Assistant/Clerk. (SUF ¶ 14).  At ninety (90) days into her employment, Defendant Sewon America gave Ms. Jefferson a three month evaluation and hired Plaintiff as a full time Employee. (SUF ¶ 15).  Plaintiff became a full-time employee of Defendant on June 13, 2013. (SUF ¶ 16).

In July 2013, Ms. Jefferson reached out to the Korean IT Manager Gene Chung to request that she be evaluated for an open position in the IT department. (SUF ¶ 17).  IT manager Gene Chung administered a test to Ms. Jefferson pertaining to the open IT position. (SUF ¶ 18).  Sewon America did not hire Ms.

---

[1] SUF refers to Plaintiff's Statement of Undisputed Material Facts, submitted with this motion.

Jefferson for the position. Sewon's IT department currently has no employees that are not Korean. (SUF ¶ 20).

Defendant Sewon America hired James Dye as talent acquisitions where he reported to general human resources manager Ken Horton, and was the lead for unemployment. (SUF ¶ 12). James Dye told Ms. Jefferson to speak to her supervisor, Jenny Hong, as Ms. Jefferson felt she was being treated differently than others in her position. (SUF ¶ 21). Defendant Sewon America terminated Ms. Jefferson from her employment on August 30, 2013. (SUF ¶ 22). James Dye handled Ms. Jefferson's termination and was brought full abreast of all the reasons for Ms. Jefferson's termination after the fact. (SUF ¶ 23).

Plaintiff timely filed a charge of discrimination against Defendant Sewon America, Inc. with the Equal Employment Opportunity Commission ("EEOC"). (SUF ¶ 25). The EEOC issued a "Notice of Right to Sue" on February 4, 2015, entitling an action to be commenced within ninety (90) days of receipt of that notice. (SUF ¶ 26). Plaintiff filed her complaint with the Court on May 6, 2015. (SUF ¶ 27).

III. <u>**ARGUMENT AND CITATION OF AUTHORITY**</u>

A. <u>**AS A MATTER OF LAW, DEFENDANT MAY NOT AVAIL ITSELF OF AFFIRMATIVE DEFENSES THAT HAVE NO FACTUAL SUPPORT**</u>

Defendant asserts numerous affirmative defenses in its Answer to Plaintiff's Complaint for Damages. Doc. 6. Defendant has failed to proffer any facts that would tend to support nine of its asserted defenses, and consequently, the following affirmative defenses have no evidential support to merit an issue of fact and should be dismissed as a matter of law:

   1. *Plaintiff Has Stated a Claim Against Defendant for Which Relief Can be Granted*

To properly state a claim for which relief can be granted, a Plaintiff must "plead factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged". *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In her Complaint, Plaintiff has pled sufficient facts to establish a claim of discrimination on the basis of race, national origin, and retaliation to meet the standard as defined in *Ashcroft*. Defendant has failed to proffer any evidence that Plaintiff's claims fail to state a claim against Defendant for which relief can be granted. Accordingly, Defendant's First Defense fails as a matter of law.

2.  *Plaintiff's Claims Are Not Barred by the Statutes of Limitations Applicable to Her Claims*

Under Title VII, a plaintiff must file a charge with the Equal Employment Opportunity Commission ("EEOC") within one hundred and eighty days after the unlawful employment practice and file her lawsuit ninety days after receiving a "Notice of Right to Sue" from the EEOC.  42 U.S.C. §2000e-5(e)(I); 42 U.S.C. §2000e-5(f)(1).  A plaintiff has four years to file a claim under 42 U.S.C. §1981. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004).  Plaintiff was terminated on August 30, 2013. (SUF ¶ 22).  Plaintiff filed her charge of discrimination with the EEOC on February 6, 2014, and received her Right to Sue on February 4, 2015.  (SUF ¶ 26).  Plaintiff filed her Complaint on May 6, 2015.  (SUF ¶ 27).  Plaintiff was well within the applicable statutes of limitations, and accordingly, Defendant's Second Defense fails as a matter of law.

3.  *Plaintiff's Claims Are Not Barred by Judicial Estoppel or Waiver*

Judicial estoppel is an equitable doctrine that precludes a party from "asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." *Barger v. City of Cartersville*, Ga., 348 F.3d 1289, 1293 (11th Cir. 2003).  In deciding whether judicial estoppel applies, the court considers two factors: first, the party against whom judicial estoppel is

sought must have asserted a claim in a legal proceeding that is inconsistent with a position made under oath in a prior proceeding; second, "such inconsistencies must be shown to have been calculated to make a mockery of the judicial system." *Id.*

Plaintiff has neither asserted a claim in a legal proceeding that is inconsistent with a position made under oath in a prior proceeding, nor has Plaintiff made a mockery of the judicial system. Defendant has failed to proffer any evidence that Plaintiff's claims are subject to the above standards as laid out by the Eleventh Circuit or that her claims are barred by judicial estoppel. Accordingly, Defendant's Third Defense fails as a matter of law.

        4. *Plaintiff Has Exhausted All Administrative Prerequisites Applicable to Her Claims*

Defendant has failed to proffer any evidence that Plaintiff failed to exhaust administrative remedies prior to filing suit. As indicated in Section A, Paragraph 2, *supra,* Plaintiff filed a timely and substantively sufficient charge of discrimination with the EEOC. On February 4, 2015, the EEOC issued to Plaintiff a Notice of Right to Sue, entitling Plaintiff to commence a lawsuit within ninety days of receipt of the notice. (SUF ¶ 26). Plaintiff filed suit for Title VII claims predicated upon those specified in the charge on May 6, 2015, within ninety days of receipt of the Notice of Right to Sue. (SUF ¶ 27). Accordingly, Defendant's Fourth Defense fails as a matter of law.

     5.    *Plaintiff's Claims Arising Under Title VII Were Timely Filed in a Charge of Discrimination with the EEOC*

Under Title VII, a plaintiff must file a charge with the Equal Employment Opportunity Commission within one hundred and eighty days after the unlawful employment practice. 42 U.S.C. §2000e-5(e)(1). Plaintiff was terminated from Sewon America on August 30, 2013. On February 6, 2014, Plaintiff filed a charge of discrimination with the EEOC wherein the applicable boxes for "race," "national origin," and "retaliation" were unequivocally checked. Accordingly, Plaintiff's charge of discrimination and retaliation covered conduct that would have occurred from August 10, 2013, forward. Plaintiff's claims were timely filed with the EEOC and accordingly, Defendant's Fifth Defense fails as a matter of law

     6.    *Plaintiff's Claims are Within the Scope of Plaintiff's Charge of Discrimination Filed with the EEOC.*

On February 6, 2014, Plaintiff executed and filed a charge of discrimination with the EEOC wherein the applicable boxes for "race," "national origin," and "retaliation" were unequivocally checked. Furthermore, the narrative in Section III of the charge clearly refers to discrimination predicated upon race, national origin and retaliation. "[A] charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action of practices complained of."

*Pijnenburg v. W. Ga. Health Sys.*, 255 F.3d 1304, 1305 (11th Cir. 2001) (citing 29 C.F.R. § 1601.12(b))). Plaintiff filed her Complaint on May 6, 2015, asking the court for relief on claims of race, national origin and retaliation, all of which were consistent with the EEOC Charge filed by Plaintiff. (SUF ¶ 27). Plaintiff's claims are within the scope of her charges of discrimination and accordingly, Defendant's Sixth Defense fails as a matter of law

7. *Plaintiff Is Innocent of Unclean Hands*

Defendant has also failed to produce sufficient evidence that Ms. Jefferson has "unclean hands." For a defendant to successfully avail itself of the doctrine of unclean hands, the defendant must first demonstrate that the plaintiff's wrongdoing is directly related to the claim against which it is asserted. *Keystone Driller Co. v. General Excavator Co.,* 290 U.S. 240, 245 (1933). Even if the defendant satisfies this element, any wrongdoing by the plaintiff does not bar relief unless the defendant can show personal injury by her conduct. *Calloway v. Partners Nat'l Health Plans,* 986 F.2d 446, 451 (11th Cir. 1993).

Defendant has failed to satisfy both elements. First, Defendant fails to show how Ms. Jefferson has engaged in any alleged wrongdoing which is related to her underlying claims of discrimination or retaliation in violation of Title VII and Section 1981. *See Calloway*, 986 F.2d at 451 (plaintiff's false claim of a college

degree irrelevant to wage discrimination claim). Additionally, the Defendant has failed to identify any personal injury sustained by Ms. Jefferson's alleged conduct. Accordingly, Defendant has not produced sufficient evidence to prove a defense of unclean hands and Defendant's Seventh Defense fails as a matter of law.

> 8. *Plaintiff's Claims are Not Barred by the Doctrine of Ratification, Consent, and/or Acquiescence*

Defendant has also failed to produce any evidence that Ms. Jefferson's claims are barred by the doctrine of ratification, consent, and/ or acquiescence. For the Defendant to successfully avail itself to the doctrine of ratification, the Eleventh Circuit has held the Defendant must show that "a party, by his actions and acceptance of the benefits of a contract and by operating under that contract, may ratify and confirm it." *Kachler v. Taylor*, 849 F. Supp. 1503 (M.D. Ala. 1994). Defendant has failed to show any evidence or give a conceivable rational basis that this defense applies to the Plaintiff's case. Due to this lack of evidence and application to Plaintiff's claims, Defendant's Eighth Defense fails as a matter of law.

> 9. *Defendant's Conduct Towards Plaintiff Was Not Predicated Upon After-Acquired Evidence*

Defendant has failed to proffer any after-acquired evidence of wrongdoing that would have resulted in Plaintiff's termination. The after-acquired evidence

9

doctrine permits employers who, after a discriminatory discharge of an employee, learn of employee misconduct that is sufficient to "justify the employer's decision, after the fact, to discharge the employee for lawful, nondiscriminatory reasons." *Holland v. Gee*, 677 F.3d 1047, 1066 n.25 (11th Cir. 2012).  Thus, to establish the defense, the employer must establish "that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge." *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352, 362-363 (1995).  The after-acquired evidence rule "applies to cases in which the after-acquired evidence concerns the employee's misrepresentations in a job application or resume, as well as cases in which the after-acquired evidence relates to employee wrongdoing *during* employment."  *Wallace v. Dunn Constr. Co.*, 62 F.3d 374, 379 (11th Cir. 1995) (emphasis added) (citing *Shattuck v. Kinetic Concepts, Inc.*, 49 F.3d 1106 (5th Cir. 1995)).  The doctrine of after acquired evidence does not act as a bar to a finding of liability, but rather acts as a limit when fashioning the appropriate remedy. *Griffis v. Emory Univ.*, 1:93-cv-1918-RCF, 1997 U.S. Dist. LEXIS 22529 (N.D. Ga. Feb. 20, 1997).

Defendant has failed to provide evidence that Plaintiff's claims are barred by after acquired evidence and accordingly, Defendant's Ninth Defense fails as a matter of law.

## IV.   CONCLUSION

Defendant has failed to proffer any evidence to support nine of their affirmative defenses against Plaintiff. For all reasons listed above, Plaintiff respectfully asks this Court to grant her Motion for Partial Summary Judgment.

Respectfully filed this 9th day of March, 2016.

**BARRETT & FARAHANY**

s/ Amanda A. Farahany
Amanda A. Farahany
Georgia Bar No. 646135

1100 Peachtree Street, Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
amanda@justiceatwork.com