IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

JERBEREE JEFFERSON,           )
                              )
    Plaintiff,            )
                              )
v.                            )     CASE NO.: 3:15-CV-78-TCB-
                              )     RGV
                              )
SEWON AMERICA, INC.,          )
                              )
    Defendant.            )

## DEFENDANT SEWON'S MOTION TO STRIKE JAMES DYE'S DECLARATION

COMES NOW Defendant Sewon America, Inc. ("Sewon" or "Defendant") and, pursuant to Fed. R. Civ. P. 56(e) and the Federal Rules of Evidence, moves this Court to strike the Declaration of James Dye ("Dye") (Ex. 1) as well as those portions of Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment (Doc. 42) relying on Mr. Dye's Declaration.[1]

### I.    Declaration of James Dye

As shown below, Dye's declaration should be stricken in whole or in part because it is primarily comprised of unsupported conclusory allegations,

---

[1] Despite the fact that Mr. Dye's Declaration was executed in July, 2015, Plaintiff's counsel did not provide such to Defendant until February 9, 2016, the last day of the discovery period.

27367001 v1

speculation, and/or conjecture that lack foundation; it contains irrelevant and immaterial statements; and/or it is based on hearsay.

> **A.      Portions of Dye's declaration should be stricken because they contain conclusory allegations, speculation, and conjecture that lack any evidentiary foundation.**

Rule 56(e) of the Federal Rules of Civil Procedure provides that an affidavit "shall be made on personal knowledge, set forth such facts as would be admissible in evidence and shall show affirmatively that the affiant is competent to testify to the matters related therein."   In *Evers v. General Motors Corp.*, the Eleventh Circuit stated that conclusory allegations, without specific facts to support such allegations, have no probative value. *Evers,* 770 F.2d 984, 986 (11th Cir. 1985). "Because affidavits proffered in support of a motion for summary judgment must be based upon personal knowledge, an affidavit based upon `information and belief' is insufficient as a matter of law."  *White v. Wells Fargo Guard Servs.*, 908 F. Supp. 1570, 1577 (M.D. Ala. 1995) (citations omitted); *see also CMS Indus., Inc. v. L.P.S. Int'l, LTD*, 643 F.2d 289, 295 (5th Cir. 1981); *Story v. Sunshine Foliage World, Inc.*, 120 F. Supp. 2d 1027, 1030 (M.D. Fla. 2000) (mandating that affidavits containing conclusory allegations unsupported by specific facts or those not based on personal knowledge are due to be stricken).  The following portions of James Dye's affidavit should be stricken because they contain conclusory allegations, speculation, and conjecture that lack any foundation:

1.      In paragraph 6 of his declaration, Dye alleges that as soon as Jefferson came off of probation, she became a full-on-hire and was eligible to transfer to any position within the company which she was qualified for.  There are no facts in the record or in Dye's declaration which are supportive of these contentions.  In fact, Jefferson testified that she was an introductory employee and further, that she would have not been eligible for transfer to the IT position she sought because of such introductory/probationary status.  (Doc. 38-4, Ex. B-1, Jefferson Depo. 54:7-11; 83:11-24; 79:2-23.)  Introductory employees are not eligible for inter-company transfer.  (Doc. 38-3, Horton Depo. 49:2-11; Doc. 38-20, Para. 5.)  Dye provides no explanation as to his knowledge as to whether and when Jefferson was on probationary status with the Company including whether she was during the time she applied for the IT position at issue, and why Sewon's policy holding that an introductory employee must successfully pass the introduction period before being eligible to apply for other positions would have been inapplicable in Jefferson's situation.

2.      In paragraph 7 of his declaration, Dye alleges that Sewon moved employees around on a regular basis to meet the needs of the company.  Dye does not address whether the "employees" to which he is referring include introductory employees who are barred from transfer by the company's policy.  (Doc. 38-8, Ex.

D.)  Nor does Dye explain whether this statement is even referencing Ms. Jefferson as an introductory employee.  Finally, by his own language, Dye's testimony in this regard does not apply to Jefferson's situation.  It is uncontroverted that Jefferson was not being moved to an IT position to meet the needs of the Company.  Rather, according to Jefferson's own deposition testimony, she was seeking the transfer to the IT Department because she was studying IT at college.  (Doc. 38-4, Ex. B1, Jefferson Depo. 137:14-24.) Dye's statement is therefore conclusory, speculative, and lacks any foundational support.

3.     In paragraph 11 of his declaration, Dye contends that Sewon wanted and eventually hired a Korean male for the IT position.  Dye conveniently omits the case of Mr. Nicholas Garris, an African American male, who was hired as a contract employee for the same IT position Jefferson sought.  (Doc. 38-20, ¶ 7.) Furthermore, Dye's testimony in this regard lacks any meaningful foundation as he does not name the Korean to whom he refers, does not provide a general time frame for this alleged hire and does not identify the specific IT position to which he refers or further that such is the same IT position sought earlier by Ms. Jefferson.  Dye's statement is conclusory, speculative, and lacks any foundation to support it.

4.     In paragraph 12 of his declaration, Dye asserts that the IT position did not require the employee to be able to speak Korean.  However, Dye provides no foundation as to any knowledge he had or would have had regarding the IT position at issue or the qualifications required by the IT Department of candidates seeking to fill that position. Nor has Dye offered any evidence as to why Korean language skills were not required in the position Jefferson sought if that is the position he is in fact referring to.  This statement is therefore due to be stricken because it is conclusory, speculative, and lacks any foundation in the record.

5.     In paragraph 13 of his declaration, Dye asserts that once Jefferson's supervisors in the Finance Department became aware of her interest in a position outside of that department, they began nit-picking her clock-in and clock-out times. Dye offers no evidence of any first-hand knowledge supporting these conclusions. Furthermore, Dye's testimony in this regard actually supports the non-discriminatory nature surrounding this issue; that Plaintiff was nit-picked because of her desire to move out of the Finance Department, not because of her race, national origin or protected activity.  These conclusory statements, which lack any foundation, are therefore due to be stricken.

6.     In paragraph 14 of his declaration, Dye states that when Jefferson would return from lunch late with a group of other specialists, even if it was with a

manager from a different department, Jefferson would be the only one written up. Dye offers no support for his first-hand knowledge of these alleged facts. Nor, does Dye offer any basis as to why Jefferson, who was the only hourly-introductory employee of the Finance Department, reporting to different supervisors than the other non-introductory employees with whom she went to lunch, was similarly situated and thus, should have been subject to the same standard as the others.[2] (Doc 38-6, Esther Kim Depo. 43:16-23; 70:20-24.) This conclusory statement, which lacks any foundation, is therefore due to be stricken.

7.      In paragraph 15 of his declaration, Dye states that when Jefferson went to lunch with other employees in the Finance Department she was not written up. Dye offers no support for his first-hand knowledge regarding this subject. By his own admission, he was not a Finance Department employee. Furthermore, Dye's testimony in this regard ignores the obvious; if Jefferson went to lunch with her own supervisor, then the supervisor provided Jefferson with implied or express

---

[2] Esther Kim Depo. 43:16-23:

Q: So she shouldn't be going to lunch with them?

A: She can go to lunch with them, but she -- if she's going to be late, then she just needs to let us know. Because QA, they are having lunch together, so they don't need to let each other know if they are going to be late or not; but she's not in QA, so if she's going to be late, then she has to let finance know.

permission to return late.  (Doc 38-6, Esther Kim Depo. 70:3-9.)  This conclusory statement, which lacks any foundation, is also due to be stricken.

8.     In paragraph 16 of his declaration, Dye states that the Korean employees who were in the same or similar position as Jefferson were not disciplined for tardiness or attendance issues, even when they violated company policy.  Dye offers no facts or basis for his knowledge supporting this allegation. Specifically, Dye does not identify to whom he is referring when he references similarly situated Korean employees, nor does he provide any basis for his conclusion that they were "similarly situated."  He does not allege that the Korean employees to whom he refers were hourly or introductory like Jefferson or that they even worked in the Finance Department.  *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1091 (11th Cir. 2004) ("The comparator must be nearly identical to the plaintiff to prevent courts from second-guessing a reasonable decision by the employer.").  During the time at issue, Jefferson was an hourly-paid, introductory employee and there were no Korean hourly-paid, introductory employees of the Finance Department.  (Doc 38-6, Esther Kim Depo. 71:15-18.) This conclusory statement, which lacks any foundation, is therefore due to be stricken.

9.     In paragraph 17 of his declaration, Dye states that the Korean employees were rarely ever written up for the same behaviors that American

employees were routinely assessed points for. Dye further states that the company policy was enforced on the American employees to a much higher degree than the Korean employees. Dye offers no facts supporting his knowledge of this generalized allegation. Specifically, he does not identify the Korean or American employees to which he refers; he does not identify the "same behaviors" to which he refers; he does not describe the "points" to which he refers; he does not identify the policies to which he refers; he does not explain his references to a "higher degree; and he does not even attempt to allege or explain that the Korean employees at issue were similarly situated to the American employees to whom he refers. *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1091 (11th Cir. 2004) ("The comparator must be nearly identical to the plaintiff to prevent courts from second-guessing a reasonable decision by the employer."). These conclusory statements, which lack any foundation, are therefore due to be stricken.

10.    In paragraph 18 of his declaration, Dye states that Jefferson told him that she felt that she was being treated differently than others in her position. In addition to the statement being hearsay, Dye offers no foundation and this allegation is wholly incompetent to support the existence of discriminatory treatment or animus. Specifically, Dye does not state that Jefferson told him she was being treated "worse" than others, that she said she was being treated

differently because of her race or national origin or even when Jefferson made this statement to him. (It could have been after she was discharged and filed her lawsuit.)  Dye's testimony in this regard is conclusory and lacks any and all proper foundation.  As such, this testimony is inadmissible as proof of discriminatory or retaliatory treatment by Defendant.

11.    In paragraph 20 of his declaration, Dye states that in his experience working at Sewon, it is very possible for an employee to not know that they are at risk for termination until it is too late.  Dye further states that employees are oftentimes not provided with any written documentation until their termination notice.  Dye offers no support for this conclusion or for any firsthand knowledge forming the basis of such conclusion.  Furthermore, notwithstanding same, this testimony is wholly irrelevant to the claims at issue and does not even suggest discriminatory treatment.  In fact, Dye's testimony in this regard alleges this treatment was applicable to all employees, regardless of race, national origin or protected activity.  As such, these allegations, consisting of nothing more than Dye's personal opinion, are due to be stricken.

12.    In paragraph 21 of his declaration, Dye states that Sewon's progressive discipline policy was rarely followed for Korean or Korean-American employees.   Dye offers no facts supporting his allegation or his personal

knowledge of how the progressive discipline policy was applied in all situations toward all employees, whether Korean, American or others.  Nor does Dye offer any explanation as to why the Korean or Korean-American employees to which he refers were or were not similarly situated.  *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1091 (11th Cir. 2004) ("The comparator must be nearly identical to the plaintiff to prevent courts from second-guessing a reasonable decision by the employer.").  His conclusory statement, which lacks any foundation, is therefore due to be stricken.

13.    In paragraph 22 of his declaration, Dye states that, to his knowledge, there were no problems with Jefferson's job performance.  Dye offers no facts supporting his allegation and no support for any first-hand knowledge he may have had regarding Jefferson's performance as a Finance Department employee.  Also, Dye identifies no comparator who was similarly situated to Plaintiff in all relevant respects, including as they relate to Plaintiff's specific performance issues.  *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1091 (11th Cir. 2004) ("The comparator must be nearly identical to the plaintiff to prevent courts from second-guessing a reasonable decision by the employer.").  As such, Dye's conclusory statement, in this regard, lacks the necessary foundation and are therefore due to be stricken.

14.     In paragraph 24 of his declaration, Dye, in quite the conclusory and bold fashion, states that Jefferson was terminated because of her complaint of discrimination.   Dye provides absolutely no background for his conclusory allegation or for any first-hand knowledge he would have had as to the reasons for her discharge or any protected activity with which she would have been involved. Dye does not state anywhere in his declaration or elsewhere that Jefferson had complained of discrimination, let alone, unlawful discrimination.  Dye does not state to whom Jefferson allegedly complained or when.   While, Dye generally asserts in his declaration that Jefferson stated that she  felt she was being treated differently than others, as discussed above, Dye's statement in this regard does not even allege that Jefferson complained that she was treated worse than others or that such treatment had anything to do with her race or national origin.  He provides no detail whatsoever that could - even under the most Plaintiff-oriented analysis - create a genuine issue of material fact.  Dye's conclusory statement, which lacks any foundation, is therefore due to be stricken.

> **B.      Portions of James Dye's declaration are due to be stricken because they are immaterial or irrelevant.**

Irrelevant evidence is inadmissible.  FED. R. EVID. 402.  Relevant evidence must have the tendency to make the existence of a material, determinative fact more or less probable than it would be without the evidence.  FED. R. EVID. 401.

*See also Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1311-12 (11th Cir. 1999) (holding unreliable and irrelevant information as inadmissible because of its "inability to assist in factual determinations, its potential to create confusion, and its lack of probative value").  The following portions of Dye's declaration are due to be stricken because they are irrelevant and immaterial:

1.     In paragraph 21 of his declaration, Dye asserts that Sewon's progressive discipline policy was rarely followed for Korean or Korean-American employees.  Dye's personal opinion is irrelevant.  Dye does not allege that he was responsible for drafting, interpreting or applying progressive discipline polices for Sewon.  Furthermore, progressive discipline policies and their application are not at issue in this lawsuit.  Finally, even if determined to be relevant, such would support Defendant's defenses to Plaintiff's claims in that Koreans and non-Koreans were all treated alike.  This irrelevant statement is therefore due to be stricken.

2.     In paragraph 22 of his declaration, Dye asserts that to his knowledge, there were no problems with Jefferson's job performance.  As Dye admits, this statement is nothing more than his personal opinion.  However, Dye's personal opinion is irrelevant.  Dye did not work in the same department as Jefferson.  Dye did not direct or supervise Jefferson's work.  What Dye thought about Jefferson's performance is not relevant; it is how Sewon Finance Department management and

supervisors viewed Plaintiff's performance which is relevant to the claims and defenses here at issue. *See Nix v. WLCY Radio/Rahall Communications*, 738 F.2d 1181, 1187 (11th Cir. 1984). This irrelevant statement is therefore due to be stricken.

3. In paragraph 23 of his declaration, Dye asserts that to his knowledge, there were no problems with Jefferson's attendance. As Dye admits, this statement is nothing more than his personal opinion. However, Dye's personal opinion is irrelevant. *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1091 (11th Cir. 2004). Dye did not direct or supervise Jefferson's work. What Dye thought about Jefferson's performance is not relevant; it is how Sewon Finance Department management and supervisors viewed Plaintiff's performance which is relevant to the claims and defenses here at issue. *See Nix v. WLCY Radio/Rahall Communications*, 738 F.2d 1181, 1187 (11th Cir. 1984). This irrelevant statement is therefore due to be stricken.

4. In paragraph 24 of his declaration, Dye asserts that Jefferson was terminated because of her complaint of discrimination. This is again, nothing more than Dye's unsupported and speculative personal opinion. Dye's personal opinion is irrelevant, however. Since 1984, the Eleventh Circuit has consistently recognized that "Title VII does not take away an employer's right to interpret its

rules as it chooses, and to make determinations as it sees fit under those rules." *Nix v. WLCY Radio/Rahall Communications*, 738 F.2d 1181, 1187 (11th Cir. 1984). It is Sewon, and not Dye, who has the prerogative to make decisions regarding Jefferson's performance and discharge as long as those decisions are not unlawful. Even when interpreted with its broadest, most-forgiving meaning for Plaintiff, this allegation is wholly irrelevant and incompetent as proof of unlawful retaliation and as such, should be stricken.

### C.   Portions of Dye's Declaration are Due to be Stricken Because They Are Hearsay.

Under the Federal Rules of Evidence, hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered to prove the truth of the matter asserted." FED. R. EVID. 801. "The general rule is that inadmissible hearsay cannot be considered on a motion for summary judgment." *Macuba v. Deboer*, 193 F.3d 1316, 1322-23 (11th Cir. 1999) (citations omitted); *see also Pritchard v. Southern Co. Servs.*, 92 F.3d 1130, 1134 (11th Cir. 1996), *cert. denied* 520 U.S. 1274 (1997) (determining that plaintiff's statements constituted inadmissible hearsay and thus could not be used to defeat the defendant's motion for summary judgment.)   The following portions of Dye's declaration are due to be stricken because they contain inadmissible hearsay:

1.    In paragraph 8 of his declaration, Dye alleges that Ms. Jefferson expressed to him that she was not challenged with the tasks that she was assigned and wanted additional job responsibilities.  Dye further alleges that Ms. Jefferson told him that she was going to school for IT and felt that she could better serve the company in this type of position.  These statements are due to be stricken because it is an unattributed out of court statement offered to prove the truth of the matter asserted.

2.    In paragraph 9 of his declaration, Dye states that Ms. Jefferson requested the opportunity to apply for an open IT Tech position.  This statement is hearsay because it is offered to prove the truth of the matter asserted. Therefore, it is due to be stricken.

3.    In paragraph 18 of his declaration, Dye states that Ms. Jefferson told him that she had felt that she was being treated differently than others in her position.  This statement is hearsay because it is offered to prove the truth of the matter asserted. Therefore, it is due to be stricken.

## II.    Conclusion

Defendant submits that this Court should strike all or part of the declaration of James Dye because it contains hearsay; contains conclusory allegations,

speculation, and conjecture that lack foundation; and/or is irrelevant and immaterial.

WHEREFORE, PREMISES CONSIDERED, Sewon respectfully requests that this Court enter an Order striking all or part of the declaration of James Dye.

Respectfully submitted,

*/s/ Jon M. Gumbel*
Jon M. Gumbel
Georgia Bar No. 315195
Ingu Hwang
Georgia Bar No. 114295
*Attorneys for Defendants*

**BURR & FORMAN LLP**
171 17th Street NW,
Suite 1100
Atlanta, GA 30363
Telephone: (404) 815-3000, x4248
Facsimile:  (404) 817-3244

## <u>CERTIFICATION OF COUNSEL</u>

I hereby certify that the foregoing **DEFENDANT SEWON'S MOTION TO STRIKE JAMES DYE'S DECLARATION** has been prepared in Times New Roman, 14 point font, one of the font and point selections approved by the Court in Local Rule 5.1(C).

/s/ Jon M. Gumbel
Jon M. Gumbel
Georgia Bar No.
jgumbel@burr.com
*Attorney for*

**BURR & FORMAN LLP**
171 Seventeenth Street, N.W.
Suite 1100
Atlanta, Georgia  30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the foregoing **DEFENDANT SEWON'S MOTION TO STRIKE JAMES DYE'S DECLARATION** by Notice of Electronic Filing or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, overnight, fax or email on this 22nd day of April, 2016:

      Amanda A. Farahany
      Barrett & Farahany, LLP
      1100 Peachtree Street NE, Suite 500
      Atlanta, GA 30309

                                s/ Jon M. Gumbel
                                Jon M. Gumbel
                                Georgia State Bar No. 315195
                                *OF COUNSEL*

BURR & FORMAN LLP
171 Seventeenth Street NW,
Suite 1100
Atlanta, Georgia 30363