IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| JERBEREE JEFFERSON,<br><br>  Plaintiff,<br><br>v.<br><br>SEWON AMERICA, INC.,<br><br>  Defendant. | Civil Action No.<br><br>3:15-cv-00078-TCB-RGV<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF JERBEREE JEFFERSON'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE JAMES DYE'S DECLARATION**

COMES NOW, Plaintiff Jerberee Jefferson (hereinafter "Plaintiff" or "Ms. Jefferson"), by and through undersigned counsel, and files this, Plaintiff Jerberee Jefferson's Response In Opposition to Defendant's Motion to Strike James Dye's Declaration, respectfully showing this Court as follows:

**I.  INTRODUCTION**

Ken Horton was hired by Defendant Sewon America, Inc. (hereinafter "Defendant" or "Sewon America") in September 2009, and is the General Manager of Human Resources, Safety and IT at Sewon America. (Sewon America, p. 85). Ken Horton gave the approval and was the ultimate decision maker when it came to Ms. Jefferson's termination. (Sewon America. at 86:24-24, 87:1-3). Defendant

1

Sewon America hired James Dye as a HR Specialist where he reported to Ken Horton and was the lead for unemployment. (Sewon America Dep., pp. 7-8). Mr. Horton testified that he trained James Dye, felt that Mr. Dye was a good and truthful employee, (Sewon America Dep., p. 10), and Mr. Dye was brought fully abreast of all the reasons for Ms. Jefferson's termination. (Sewon America Dep., p. 92). James Dye testified that Defendant Sewon America terminated Ms. Jefferson because of her complaint of discrimination. (Dye Decl.¶ 24).

## II. ARGUMENT AND CITATION TO AUTHORITY

### A. JAMES DYE'S DECLARATION WAS MADE ON HIS PERSONAL KNOWLEDGE AND HAS LAID PROPER FOUNDATION

Defendant Sewon America's contention that portions of Mr. Dye's declaration contain conclusory allegations, speculation, and conjecture that lack evidentiary foundation are baseless and without merit.

Rule 56(c)(4) of the Federal Rules of Civil Procedure provides that ''an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Furthermore, Rule 602 of the Federal Rules of Evidence provides that, "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal

knowledge may consist of the witness's own testimony." Additionally, the Northern District of Georgia has held under Federal Under Fed. R. Civ. P. 56(e) that "an affiant's personal knowledge and competence to testify may be inferred from the affidavits themselves." *Wise v. Overhead Door Corp.*, 2006 U.S. Dist. LEXIS 13026 (N.D. Ga. Jan. 17, 2006). Not only has Mr. Dye established the foundation for his personal knowledge in his declaration, evidence derived from deposition testimony establishes this personal knowledge also.

Mr. Dye began working for the Defendant Sewon America in January 2012 as a Human Resource Specialist and held that position until he left the company in March 2015. (Dye Decl.¶ 2).[1] During his employment with the Defendant, Mr. Dye worked within the Human Resources Department, which also included the Finance and IT Departments. Mr. Dye held the position of Talent Acquisitions and was responsible for handling staffing and placement. (Sewon America at pp. 8:1-9). Mr. Dye worked with the Plaintiff, a Finance Clerk, while she was both a temporary employee and once she became a permanent employee for the Defendant in June 2013. (Dye Decl. ¶ 3,5)[2]. Not only did Mr. Dye handle staffing and placement, he was Defendant's lead for Plaintiff's unemployment and testified on behalf of the company at the hearing, (Sewon America Dep. at 8:10-12), and

---

[1] Defendant has not contested these paragraphs in their motion
[2] Defendant has not contested these paragraphs in their motion

was part of the employee relations team that normally meets to review employee information prior to making a termination decision. (Sewon America Dep at 9:13-20). Mr. Dye was the Human Resource Specialist who terminated Plaintiff's employment, (Jefferson Dep. at 155:16-25), was brought fully abreast of all the reasons for Plaintiff's termination, and attended meetings discussing the reasons for Plaintiff's termination. (Sewon America Dep at 9:20-2; 10:1-3. Jefferson Dep. at172:1-22).

Although challenged by the Defendant, Mr. Dye's Declaration does not need to show direct evidence or specificity in order for it to be admissible. The Eleventh Circuit has found that "language not amounting to direct evidence, but showing some discriminatory animus, may be significant evidence of pretext once a plaintiff has set out the prima facie case." *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1091 (11th Cir. 2004).

Mr. Dye's vast involvement with Plaintiff's hiring, firing, and unemployment with the Defendant confirms that Dye's Declaration is neither speculative, lacking in foundation, nor contains conclusory allegations and conjecture that lack evidentiary foundation. Not only does Mr. Dye's position with Defendant Sewon America provide him personal knowledge of the facts surrounding Plaintiff's employment, Mr. Dye has set out facts in his declaration

that create admissible evidence and demonstrate his ability to be a competent witness at trial. However, Defendant wrongly supports their claim by referencing incorrect testimony made by the Plaintiff and omitting testimony that supports Mr. Dye's personal knowledge of the circumstances surrounding Ms. Jefferson's employment and termination.

Defendant argues there are no facts in the record to support multiple portions of Mr. Dye's declaration. Deposition testimony has shown that the Defendant is mistaken. Part of Mr. Dye's personal knowledge stems from his communications with the Plaintiff. Plaintiff spoke to Mr. Dye several times while working for Sewon America, including before she interviewed with the company (Jefferson Dep. pp 65-66), when she was assessed points for coming back late from lunch (Jefferson Dep. pp 175:6-21), and the day she was terminated. (Jefferson Dep. at 191:9). Because of these communications with the Plaintiff and his role in Human Resources, Mr. Dye has personal knowledge surrounding Ms. Jefferson's position with the company and the requirements of that position.

Additionally, Defendant mischaracterizes Plaintiff's testimony to the Court. For example, in response to paragraph 6 of Dye's Declaration, Defendant argues there are no facts in the record that support Dye's testimony that Ms. Jefferson would have been eligible to transfer to the IT position during the introductory

period. However, during her deposition, Ms. Jefferson testified she did not know of this transfer policy during her employment at Sewon America and only became aware of this policy when shown to her at her deposition. (Jefferson Dep. at 83:6-21). The lack of employee's telling her at any time she was not eligible for transfer is evidence that this was the policy "after the fact" and a theory created for litigation.

Furthermore, under paragraphs 7,11, 12, 15, 16, and 17, Defendant alleges that Mr. Dye had no knowledge of Defendant's positions, policies and procedures. However, this is a material disputed fact. As part of HR and talent acquisitions, Mr. Dye's position required him to have knowledge of Defendant's available positions and the requirements needed to fill those positions. Mr. Dye was also trained by Human Resources Manager Ken Horton and is competent to testify to the needs of the company, company policies, and company procedures. Yet again, Defendant ignores these facts and instead accuses the Plaintiff of "conveniently omitting" evidence. For example, Defendant alleges Plaintiff omitted the case of Mr. Nicholas Garris, an African-American Employee, who was allegedly hired as a contract employee for the same position Plaintiff was seeking. However, Defendant's own employee, Esther Kim, testified she had knowledge of the people who worked in the IT department during the time Plaintiff worked there to present,

(Kim Dep. at 15:20-24), and concluded by stating there was no one in the IT department that was not Korean. (Kim Dep. at 19:2-4).

Additionally, in paragraphs 17, 20 and 21, Defendant takes issue with Mr. Dye's knowledge and comments of the policies implemented and Defendant Sewon America. Although portions of Mr. Dye's declaration do not support the testimony given by the corporation, this does not mean Mr. Dye lacks the personal knowledge or foundation to speak about the Defendant's policies and their application. Instead, it creates a genuine issues of material fact, and for Summary Judgment, the facts must be construed in the Plaintiff's favor. Additionally, the policies at Sewon were just guidelines, not set in stone, and didn't always have to be applied. (Kim Dep. at 41:25; 42:1-7).

Defendant alleges Mr. Dye has no knowledge or foundation to testify about Plaintiff's relationship with her supervisors, specifically in regards to them nitpicking at her clock in times or writing her up for lunch. Yet when Defendant questioned Plaintiff in her deposition, Plaintiff testified she sought out Mr. Dye and spoke to him when she was assessed points for coming back late from lunch. (Jefferson Dep. pp 175:6-21). Not only are these evidentiary facts part of the record, but Mr. Dye would be subject to cross examination of his knowledge of these facts at trial.

The Eleventh Circuit has found Fed. R. Evid. 402 provides that "all relevant evidence is admissible. To the extent evidence is foundational and background information that permits the court to place the applicable events in context, to exclude this information would be detrimental to both sides and would be inconsistent with the purpose and intent of the Federal Rules of Evidence." *Wyant v. Burlington Northern & Santa Fe Ry*., 210 F. Supp. 2d 1263 (N.D. Ala. 2002). Not only does Mr. Dye's declaration provides sufficient foundation and background information, excluding this declaration would be inconsistent with the intent of the Federal Rules of Evidence.

There simply can be no clearer evidence of Mr. Dye having personal knowledge of the facts surrounding Ms. Jefferson's employment than one where an HR Specialist, who worked directly with Ms. Jefferson's termination, testifies she was fired because of her complaint of discrimination. This evidence is undisputed as Mr. Dye handled Ms. Jefferson's unemployment and was made aware of why the company terminated the Plaintiff. Although the Company refutes the statements made by Mr. Dye in his declaration, it is for a jury to determine the credibility of his testimony and whether to believe Mr. Dye or Defendant Sewon America.

As such, Defendant's Motion to Strike the Declaration of James Dye, as well of those portions of Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment, should be denied.

### B. ALL PORTIONS OF JAMES DYE DECLARATION ARE MATERIAL, RELEVANT AND LEADS TO THE ADMISSIBILITY OF EVIDENCE AT TRIAL

Federal Rule of Evidence 401 provides that "evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." The Eleventh Circuit has also held that "the standard for relevance is extremely low." *Munnings v. Fedex Ground Package Sys*., 2008 U.S. Dist. LEXIS 33041, 2008 WL 1849003 (M.D. Fla. Apr. 22, 2008). Besides asserting that Mr. Dye's Declaration contains immaterial and irrelevant facts, Defendant Sewon America has not provided any arguments to substantiate their claims.

The Northern District of Georgia has found that "in ruling on a motion for summary judgment, a court may consider only evidence that would be admissible at trial." *White v. Wells Fargo Guard Servs*., 908 F. Supp. 1570, 1577 (M.D. Ala. 1995). However, evidence produced for summary judgment need not be in an admissible form if it could be reducible to admissible form for trial. *APA Excelsior III, L.P. v. Windley*, 329 F. Supp. 2d 1328 (N.D. Ga. 2004).

Although Defendant claims that paragraphs 21-24 are irrelevant as it contains Mr. Dye's personal opinion, Fed. R. Evid. 701 specifically permits lay opinion testimony if those opinions are rationally based on the perception of the witness and helpful to a clear understanding of the witness' testimony. *Carter v. Decisionone Corp.*, 122 F.3d 997 (11th Cir. 1997). The Eleventh Circuit has also held that "lay opinion testimony and opinion testimony concerning the ultimate issue of a case under Fed. R. Evid. 701, 704(a), are properly admitted if they are based on the personal observations of the witness". *Id.*

Mr. Dye's opinion is certainly relevant as he worked within the Human Resources Department, which also included the Finance and IT Departments and held the position of Talent Acquisitions, which handled staffing and placement. (Sewon America Dep. at 8:1-9). Mr. Dye worked with the Plaintiff, a Finance Clerk, while she was both a temporary employee and once she became a permanent employee for the Defendant in June 2013.[3] Besides Ms. Jefferson's direct supervisor, Mr. Dye was the only person to have full communication with Plaintiff regarding her termination.

Mr. Dye states in paragraph 21 of his Declaration that the Defendant has a progressive disciplinary policy that was rarely used for Korean-American

---

[3] Dye Decl. ¶ 3,5. Defendant has not argued the validity of this fact in its Motion to Strike.

employees. This evidence is relevant to show that Korean-American employees were given preferential treatment as compared to employees of other nationalities by the Defendant. Paragraph 22 states Mr. Dye had no knowledge of problems with Plaintiff's job performance, even though the Defendant alleges that Ms. Jefferson was terminated due to her work performance (Sewon America Dep. at 51:16). Paragraph 22 is relevant and material to show a genuine issue of material fact making it more plausible that Ms. Jefferson was terminated due to discrimination.

It is undisputed that Mr. Dye handled Ms. Jefferson's termination and was brought fully abreast of all the reasons for Ms. Jefferson's termination. (Sewon America Dep., p. 92). Mr. Dye had access to her employee file and would be able to see all the evaluations and employee information and provided such information at Plaintiff's unemployment hearing. As such, Mr. Dye was aware of any problems concerning Ms. Jefferson's attendance, job performance, and the circumstances surrounding Plaintiff's termination. Defendant's argument that Mr. Dye's declaration is both irrelevant and immaterial go without merit. As such, Defendant's Motion to Strike the Declaration of James Dye, as well of those portions of Plaintiff's Response in Opposition to Defendant's Motion for Summary, Judgment should be denied.

## C. THE STATEMENTS MADE BY MS. JEFFERSON TO JAMES DYE ARE NOT HEARSAY AND ARE ADMISSIBLE UNDER 801(D)(2)(D)

Although Defendant alleges that Dye's Declaration contain inadmissible hearsay, the statements in Dye's Declaration are not hearsay and are admissible evidence.

Defendant contends that paragraphs 8, 9, and 18 of Mr. Dye's declaration are hearsay because they are being offered for the truth of the matter asserted. However, the statements made by Ms. Jefferson to Mr. Dye do not qualify as hearsay as they are not being offered for the truth of the matter asserted, rather for the effect on the listener. Even if these statements were being offered into evidence for the truth of the matter asserted, Federal Rule of Evidence 801(d)(2)(D) provides that a statement offered against an opposing party that was made by the party's agent or employee on a matter within the scope of that relationship while it existed is admissible non hearsay. Accordingly, the comments in paragraphs 8, 9, and 18 were made between Plaintiff and Mr. Dye, who were both employees of the Defendant during the time the statements were made, and are being offered against the opposing party, Defendant Sewon America.

Even if the statements are deemed hearsay, the Eleventh Circuit has held that "a district court may consider a hearsay statement in passing on a motion for summary judgment if the statement could be reduced to admissible evidence at

12

trial or reduced to admissible form. The most obvious way that hearsay testimony can be reduced to admissible form is to have the hearsay declarant testify directly to the matter at trial. An affidavit can be reduced to admissible form at trial by calling the affiant as a witness." *Jones v. UPS Ground Freight*, 683 F.3d 1283 (11th Cir. Ala. 2012).

Any comments between Plaintiff and Mr. Dye would be admissible, non hearsay when applied under FRE 801(c) and 801(d)(2)(D). As such, Defendant's Motion to Strike the Declaration of James Dye, as well of those portions of Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment, should be denied.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff Jerberee Jefferson respectfully requests that Defendant's motion to strike the Declaration of James Dye, as well of those portions of Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment should be denied.

Respectfully submitted this 22nd of July, 2016.

              **BARRETT & FARAHANY**

              */s/Adeash "Aj" Lakraj*
              Adeash "Aj" Lakraj
              Georgia Bar No. 444848

1100 Peachtree Street, Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
ajlakraj@justiceatwork.com

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel hereby certifies that this document complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the Northern District of Georgia, and has been typed in Times New Roman 14 point.

*/s/Adeash "Aj" Lakraj*
Adeash "Aj" Lakraj
Georgia Bar No. 444848

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| JERBEREE JEFFERSON,<br><br>    Plaintiff,<br><br>v.<br><br>SEWON AMERICA, INC.,<br><br>    Defendant. | Civil Action No.<br><br>3:15-cv-00078-TCB-RGV<br><br>JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the forgoing ***Plaintiff Jerberee Jefferson's Response in Opposition to Defendant's Motion to Strike James Dye's Declaration*** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Jon M. Gumbel                           Ingu Hwang
Burr & Forman LLP                       Burr & Forman LLP
171 Seventeenth Street NW, Ste. 1100    420 North 20th Street, Suite 3400
Atlanta, Georgia 30363                  Birmingham, AL 35203

Respectfully submitted this 22nd day of July, 2016.

**BARRETT & FARAHANY**

*/s/Adeash "Aj" Lakraj*
Adeash "Aj" Lakraj
Georgia Bar No. 444848

*Attorney for Plaintiff Jerberee Jefferson*