IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| JERBEREE JEFFERSON, | |
|     Plaintiff, | |
| v. | CIVIL ACTION FILE |
| SEWON AMERICA, INC., | NUMBER 3:15-cv-78-TCB |
|     Defendant. | |

**O R D E R**

Plaintiff Jerberee Jefferson is an African-American female who filed this lawsuit against Defendant Sewon America, Inc. alleging that Sewon discriminated against her based on her race and national origin by denying her a position within its information technology ("IT") department and then terminating her employment. She also contends that her discharge was retaliatory for her complaint of discrimination. She brings claims against Sewon pursuant to 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Sewon moved for summary judgment on all of Jefferson's claims [38], and Jefferson moved for partial summary judgment as to certain of Sewon's

defenses [37]. Sewon also filed a motion to strike [47] a declaration relied upon by Jefferson in opposition to Sewon's motion, and Jefferson objected to one of the exhibits relied upon by Sewon in support of its motion.

Presently before the Court is Magistrate Judge Russell G. Vineyard's Final Report, Recommendation, and Order (the "R&R") [57]. The R&R treats Sewon's motion to strike as an objection to the declaration and sustains that objection in part, excluding one paragraph of the declaration from consideration. It also overrules Jefferson's objection to Sewon's exhibit. Finally, the R&R recommends denying Jefferson's motion for partial summary judgment and granting Sewon's motion for summary judgment.[1]

Jefferson has filed objections to the R&R [61], and Sewon has responded to those objections [64]. In addition, Jefferson has moved for oral argument [62]. The Court finds that oral argument is unnecessary, and therefore that motion will be denied. Finally, Sewon's motion for

---

[1] Because Jefferson's claims under § 1981 and Title VII consist of the same elements and are subject to the same analytical framework, it is unnecessary to analyze the parties' claims, defenses, and objections separately under each statute.

leave to file excess pages [63], which is unopposed, will be granted *nunc pro tunc* to February 1, 2017.

## I.     Legal Standard on Review of a Magistrate Judge's R&R

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A magistrate judge's order on a nondispositive matter is subject to being modified or set aside if the Court finds it to be "clearly erroneous or . . . contrary to law." FED. R. CIV. P. 72(a). A finding is "clearly erroneous" when, though not without evidentiary support, the Court is "left with the definite and firm conviction that a mistake" was made. *TemPay, Inc. v. Biltres Staffing of Tampa Bay, LLC*, 929 F. Supp. 2d 1255, 1260 (M.D. Fla. 2013). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.*

With respect to an R&R's recommendations, a district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The district judge must "give fresh

3

consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990). Those portions of the R&R to which no objection is made need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

## II.  Analysis of Jefferson's Objections to the R&R

Jefferson has filed voluminous objections to the R&R, which the Court will analyze in connection with the substantive claims to which they pertain.[2] The Court begins, however, by rejecting Jefferson's argument that summary judgment—both generally and as it is implemented by this Court's internal operating procedures—violates the Seventh Amendment to the United States Constitution. Jefferson supports this objection with a number of historical, academic, and statistical arguments, but the Eleventh Circuit has repeatedly rejected this argument. *Brooks v. Ins. House, Inc.*, 322 F. App'x 782, 784 (11th

---

[2] Some of Jefferson's objections—for example, her argument that the Court should eschew applying any rigid test for surviving summary judgment, and her claim that the R&R ignored portions of Title VII—potentially implicate more than one claim. Although such objections are addressed only once below, the Court has considered them in connection with all potentially relevant claims.

Cir. 2009); *Wofsy v. Palmshores Retirement Cmty.*, 285 F. App'x 631, 635 n.2 (11th Cir. 2008) *Arthur Rutenberg Homes, Inc. v. Jewel Homes, LLC*, 655 F. App'x 807, 808 n.1 (11th Cir. 2016).

### A.   Discriminatory Failure to Hire Jefferson for the IT Position

Jefferson alleges that Sewon discriminated against her based on her race and national origin when it denied her a position within its IT department. The R&R analyzes this claim as a failure-to-transfer claim rather than a failure-to-hire claim, and it concludes that Jefferson failed to establish a prima facie case because she could not show that she suffered an adverse employment action. The R&R further concludes that even if Jefferson could establish a prima facie case of discrimination vis-à-vis the IT position, Sewon remains entitled to summary judgment because Jefferson has not adduced evidence from which a reasonable jury could conclude that Sewon's proffered reasons for denying her that position are pretextual.

Jefferson first objects that this claim should have been analyzed under the failure-to-hire paradigm because "she was actually applying for a new position with different duties and responsibilities, not a

transfer to another office doing the same job, but to do a completely different job in the IT Department." [61] at 31–32; *see also* [42] at 10–11 (making the same argument in response to Sewon's motion for summary judgment, which analyzed the issue as a failure to transfer). The Court disagrees and finds that the R&R correctly analyzed her claim as a failure to transfer. *Woods v. Salisbury Behavioral Health, Inc.*, 3 F. Supp. 3d 238, 250–51 (M.D. Pa. 2014) ("In cases where an employee seeks a transfer to a new position within the same organization, courts require that the employee demonstrate that the transfer sought would have resulted in a promotion, *i.e.*, that the position was objectively better than his or her current position.").

The R&R correctly recommends granting summary judgment to Sewon on this claim because there is no evidence from which a reasonable juror could conclude that Jefferson suffered an adverse employment action. "An employment action must affect a term, condition or privilege of employment, and is not adverse merely because the employee dislikes it." *Crayton v. Ala. Dep't of Agric. & Indus.*, 589 F. Supp. 2d 1266, 1284 (M.D. Ala. 2008) (granting summary judgment to

the defendant where the plaintiff's transfer involved same salary and benefits, same ranking, "title of identical importance," and comparable duties and thus was a non-adverse lateral transfer); *accord Woods*, 3 F. Supp. 3d at 250 ("[A]n employee's subjective preference for a different position is insufficient to establish an adverse employment action."). Thus, "[i]n a Title VII case, a transfer to a different position can be 'adverse' if it involves a reduction in pay, prestige or responsibility." *Hinson v. Clinch Cty., Ga. Bd. of Educ.*, 231 F.3d 821, 829 (11th Cir. 2000). "The flip side of this coin would appear to be that a failure to transfer may constitute an adverse employment action if it entails an increase in pay, prestige or responsibility." *Morris v. Wallace Cmty. Coll.-Selma*, 125 F. Supp. 2d 1315, 1328 (S.D. Ala. 2001).

Here, Jefferson concedes that there is no evidence that the IT position would have increased her pay, but she contends it was an objectively more desirable position because it would have entailed greater skill and provided more specialized experience, on-the-job education, and greater potential for career advancement. [61] at 33. However, neither Jefferson's objections to the R&R nor her response to

7

Sewon's motion for summary judgment [42] cites to evidence supporting these assertions. "Conclusory allegations, subjective beliefs, opinions, and *unsupported assertions* are insufficient as a matter of law to withstand summary judgment." *Katchmore Luhrs, LLC v. Allianz Global Corp. & Specialty*, No. 15-CIV-23420-GOODMAN, 2017 WL 432671, at *5 (S.D. Fla. Jan. 31, 2017) (emphasis added); *Hudson v. Pa. Life Ins. Co.*, No. CV-12-S-2225-NE, 2013 WL 3242877, at *4 (N.D. Ala. June 21, 2013) ("The Eleventh Circuit has expressly held that an attorney's argument in a brief 'is not evidence.'") (quoting *Bryant v. U.S. Steel Corp.*, 428 F. App'x 895, 897 (11th Cir. 2011)). Furthermore, even if there were evidence to support Jefferson's assertions, "it is not clear that these changes were so substantial that they amounted to an actionable adverse employment action." *Trask v. Sec'y, Dep't of Veterans Affairs*, 822 F.3d 1179, 1194 (11th Cir. 2016).

    The R&R correctly held that Jefferson failed to establish a prima facie case of discrimination arising from being denied the IT position. Even if she had established such a prima facie case, however, the Court further finds that for all the reasons stated in the R&R she failed to

demonstrate that Sewon's proffered reasons for denying her the IT position were pretextual. Sewon argued that Jefferson lacked the requisite five years of IT experience, failed the preliminary test, and was ineligible for transfer during her first ninety days as an introductory Sewon employee. [38-1] at 13. The R&R properly refused to consider the introductory-employee argument as the evidence suggests it did not motivate Sewon's decision, but it also held that the other two grounds "provide[] an independent and sufficient basis" for denying Jefferson the IT position. [57] at 50 n.33. Even if the Court were to consider the LinkedIn profile of Ruben Kim, the fact that Sewon did not previously require five years of experience says nothing about the legitimacy of its claim that it chose to require five years of experience for Kim's replacement. And although Jefferson contends that the preliminary test was not a requirement for the position, the undisputed fact that Jefferson failed that test is unquestionably something Sewon was permitted to consider when deciding whether Jefferson would be offered the IT position.

Lastly, Jefferson argues that the R&R improperly failed to analyze her claims under 42 U.S.C. § 2000e-2(a)(2), which makes it unlawful "to limit, segregate, or classify . . . employees . . . in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." This provision has traditionally been used in disparate-impact cases rather than cases alleging intentional discrimination, but Jefferson contends that "there is nothing in the second section that limits it to only disparate impact cases . . . ." [61] at 28. She further argues that § 2000e-2(a)(2) "does not require an 'adverse action'" but instead reaches "any acts that affect an employee's status or career because of her protected characteristic . . . ." *Id.* at 30.

"Regardless of the route a plaintiff follows in proving a Title VII action, the existence of some adverse employment action is required." *James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 375 (4th Cir. 2004). Additionally, neither Jefferson's complaint nor her filings before the magistrate judge ever suggested that her claims should be analyzed

under § 2000e-2(a)(2). Thus, assuming that a disparate-treatment claim can ever be pursued under § 2000e-2(a)(2)—and the Court is unaware of any authority to that effect—Jefferson failed to timely give any notice to Defendants that she intended to pursue such a claim in this case, and the Court declines to let Jefferson change her theory of liability for the first time in objections to an R&R.

For these reasons, the R&R correctly recommends granting summary judgment to Sewon on Jefferson's claim of discrimination relating to denial of the IT position. Jefferson's objections to the contrary will be overruled.

### B. Discriminatory Termination of Employment

Jefferson also brings a discrimination claim against Sewon based on the termination of her employment. The R&R concludes that Jefferson failed to establish a prima facie case of discrimination because she failed to identify any similarly situated employee from outside her protected class who was treated more favorably. [57] at 55. Jefferson does not object to this finding, but she correctly points out that "[e]stablishing the elements of the *McDonnell Douglas* framework is

not, and never was intended to be, the *sine qua non* for a plaintiff to survive summary judgment." *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011). "Accordingly, the plaintiff's failure to produce a comparator does not necessarily doom the plaintiff's case." *Id.*

The R&R correctly recognizes this principle but concludes that even under a holistic view of the evidence, Sewon is entitled to summary judgment. The Court agrees and is unpersuaded by Jefferson's objections to the contrary. Neither *McDonnell Douglas*'s burden-shifting analysis nor *Lockheed-Martin*'s convincing-mosaic framework are rigid "tests" a plaintiff must satisfy to survive summary judgment. They are merely analytical tools to assist courts in analyzing whether—under any iteration—"the evidence would permit a reasonable factfinder to conclude that the plaintiff's race, ethnicity, sex, religion, or other proscribed factor caused the discharge or other adverse employment action" complained of. *Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016). The facts of this case—when viewed as a whole, in context, and in the light most favorable to Jefferson—do not permit such a finding.

### C.    Retaliatory Termination of Employment

Jefferson's final claim is a claim that Sewon terminated her employment in retaliation for protected conduct. Jefferson objects to the R&R's substantive recommendation as to this claim and to an evidentiary ruling made in connection with that recommendation. The Court begins by addressing the evidentiary objection.

### 1.    The R&R's Exclusion of Paragraph 24 of James Dye's Declaration

The R&R sustains Sewon's objection to one paragraph from the declaration of James Dye, who worked as a human resources specialist with Sewon during Jefferson's employment, in which he states that "Jefferson was terminated because of her complaint of discrimination." [37-3] at ¶ 24. The R&R excludes this testimony from consideration on the ground that there was no foundation laid to demonstrate that it was based on Dye's personal knowledge, rather than mere belief or speculation. Jefferson contends that was error.[3] This evidentiary ruling

---

[3] Insofar as Jefferson implies that Judge Vineyard should not have construed Sewon's improper motion to strike as a notice of objection, *see* [61] at 16, the Court notes that this is standard practice in this district and elsewhere, regardless of which party filed the motion. *See, e.g., Ross v. Corp. of Mercer Univ.*, 506 F. Supp. 2d 1325, 1333–34 (M.D. Ga. 2007) ("It is . . . common for courts that receive . . .

is subject to being set aside if the Court determines that it is clearly erroneous or contrary to law. FED. R. CIV. P. 72(a). The Court makes no such finding here.

Rule 56(c)(4) provides that a declaration relied upon to oppose a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the . . . declarant is competent to testify on the matters stated." In addition, under Federal Rule of Evidence 701(a), a lay witness may offer an opinion only if it is "rationally based on the witness's perception." "For a matter to be considered within a witness's personal knowledge, it must be derived from the exercise of his own senses, not from the reports of others—in other words, it must be founded on personal observation." *Riley v. Univ. of Ala. Health Servs. Found., P.C.*, 990 F. Supp. 2d 1177, 1187 (N.D. Ala. 2014) (internal punctuation omitted). "A party's mere

---

improperly targeted motions [to strike] to promptly deny them" and "treat [them] as objections."); *see also Chavez v. Credit Nation Auto Sales, Inc.*, 966 F. Supp. 2d 1335, 1343–44 (N.D. Ga. 2013) (denying motion to strike that was not directed to matters in a pleading but treating the same as properly filed objections); *Rindfleisch v. Gentiva Health Servs., Inc.*, 962 F. Supp. 2d 1310, 1315–16 (N.D. Ga. 2013) (same).

'belief' and/or speculation is not based on personal knowledge and is not competent summary judgment evidence." *Id.*

Dye's declaration includes general facts about his employment with Sewon, including that he worked within the human resources department, reported to Ken Horton, and worked with Jefferson, but it does not provide any facts from which to conclude that Dye had personal knowledge about the reasons for her termination. Jefferson points to other evidence of record—including Horton's deposition testimony—that she contends demonstrates that Dye had the requisite personal knowledge to speak to the reason for her termination, but this argument is unpersuasive. Horton's testimony supports only that Horton told Dye about the reasons for Jefferson's termination after the fact, in connection with her unemployment appeal. [35] at 9, 92. As noted above, personal knowledge cannot be based on "the reports of others." *Riley*, 990 F. Supp. 2d at 1187.

Viewing the evidence in the light most favorable to Jefferson, it shows at most that the decision-maker (Horton) told Dye the reasons for Jefferson's termination at some point after the termination occurred.

Knowledge derived from the reports of others is not "personal knowledge," and thus Dye's belief that Jefferson's termination was retaliatory is inadmissible. *See id.*; *Johnson v. Scotty's, Inc.*, 119 F. Supp. 2d 1276, 1283 (M.D. Fla. 2000) (excluding affiant's belief about the reasons for the plaintiff's termination where that belief was based on unspecified comments by the decision-maker, which did not amount to personal knowledge). Accordingly, the R&R did not err in excluding paragraph 24 of Dye's declaration, and Jefferson's objections to that ruling are overruled.

### 2. The R&R's Substantive Analysis of Jefferson's Retaliation Claim

Turning to the substance of Jefferson's retaliation claim, the R&R recommends granting summary judgment to Sewon for two reasons. First, it concludes that Jefferson failed to establish a prima facie case of retaliation insofar as she failed to show that she engaged in protected conduct. Second, it concludes that Jefferson failed to show that Sewon's proffered reasons for her termination were pretextual, and as a result, it concludes that Jefferson failed to establish that retaliation was the but-for cause of her termination.

Jefferson objects to the R&R's conclusion that she failed to establish a prima facie case of retaliation because her belief that she was discriminated against was not objectively reasonable. *See* [57] at 67–69; [61] at 34–37. Jefferson is correct that this objective-reasonableness standard does not require that an employee actually have been discriminated against in order to bring a claim of retaliation. But the R&R correctly concludes that the conduct of which Jefferson complained—namely, the denial of the IT position—was not "close enough to actionable misconduct under Title VII to warrant an objectively reasonable believe that Sewon engaged in activity in violation of that statute." [57] at 68. Existing Title VII case law requires a plaintiff to prove that she was qualified for the IT position and that the denial of that position constituted an adverse action. Jefferson has failed to point to any evidence in this case that would support either such finding, and thus the R&R correctly concludes that she did not engage in protected activity.

Sewon brought forth evidence that Jefferson was terminated based on her low scores on her introductory-employee performance

17

evaluations. For all the reasons set forth in the R&R, the Court agrees that Jefferson failed to adduce evidence from which a reasonable factfinder could conclude that this was pretext and overrules Jefferson's objections. "Additionally, Title VII retaliation claims require proof that 'the protected activity was a but-for cause of the alleged adverse action by the employer.'" *Trask*, 822 F.3d at 1194 (quoting *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2534 (2013)) (internal punctuation omitted); *accord Smith v. City of Fort Pierce*, 565 F. App'x 774, 779 (11th Cir. 2014) (affirming grant of summary judgment in favor of employer where the employee could not "establish that her alleged protected activity was the but-for cause of [the employer's] alleged unlawful retaliation").[4] Because Jefferson failed to rebut Sewon's proffered reasons for her termination, summary judgment is warranted for the additional reason that a reasonable juror could not conclude that

---

[4] Jefferson correctly points out that her burden as the non-moving party is merely to point out the existence of a genuine issue of fact regarding this causal connection, not to come forward with evidence conclusively proving that causation is satisfied and thus showing that no such issue exists. To the extent the R&R could be read to suggest otherwise, the Court disagrees. *See also* [38-1] at 23 (Sewon arguing in support of its motion for summary judgment that plaintiff can survive summary judgment by "present[ing] competent evidence" that the causal connection is satisfied).

any protected activity by Jefferson was a but-for cause of her termination.

Accordingly, after careful *de novo* consideration of the parties' arguments in support of and in opposition to Sewon's motion for summary judgment, the Court finds no error in the R&R's analysis and conclusions. Jefferson's objections are overruled.

## III. Conclusion

For the foregoing reasons, the Court denies Plaintiff's motion for oral argument [62] and grants Defendant's motion for leave to file excess pages [63] *nunc pro tunc* to February 1, 2017. Plaintiff's objections to the R&R [61] are overruled, and the Court adopts as its Order the R&R [57]. Plaintiff's motion for partial summary judgment [37] is denied, and Defendant's motion for summary judgment [38] is granted.

IT IS SO ORDERED this 29th day of March, 2017.

                                                      Timothy C. Batten, Sr.
United States District Judge